HELLUIN, PARISH TREASURER, &C. *vs.* MAURIN.

APPEAL FROM THE COURT OF THE SECOND JUDICIAL DISTRICT.

The parish treasurer, although authorised to receive all moneys due to the parish, is not the proper person to sue or be sued, in regard to parish claims.

A judgment rendered in a suit in which the parish treasurer is plaintiff or defendant, (if he be not expressly authorised) will not be *res judicata* against or in favor of the parish, in its corporate capacity.

The parish treasurer should be expressly authorised to institute suit, in order that the corporation be bound by whatever judgment is rendered in the case.

The plaintiff, as parish treasurer of the parish of Assumption, instituted suit against the defendant, to recover the sum of four hundred and forty dollars, which he alleges the latter collected in taxes, on suits due to the parish, during the years 1824–5, while he was sheriff of said parish.

The plaintiff alleges the defendant has failed to account to him for the taxes for the years before stated, according to a list made out by the clerk, and put into his hands for collection. He prays judgment for the sum of four hundred and forty dollars, and costs.

The defendant pleaded a general denial. The plaintiff proved the demand set forth by him, and had judgment for the sum claimed. The defendant appealed.

*A. & J. Seghers,* for the plaintiff.

1. The sheriff is bound to collect and account for the taxes, on suits in the District and Parish Courts, in his parish, on a certified list being delivered to him by the clerk of the court. 2 *Moreau's Digest,* 49; 1 *ibid,* 627, *sec.* 4, *verbo juries.*

2. The plaintiff, as parish treasurer, sues for the sole use and benefit of the parish, which the law authorises him to do. 2 *Moreau's Digest,* 378, sec. 11, *verbo sheriff.*

3. The objection made to the plaintiff's want of authority to sue, should have been specially pleaded in *limine litis,* in order to put him to the proof of his authority. The general denial does not put his capacity to sue, at issue. 5 *Martin, N. S.,* 343.

*Conrad,* for the defendant.

1. The judgment rendered in this case is not supported by legal evidence.

2. Parish treasurers have no authority to institute suits for the recovery of debts due to their parishes. They are mere officers under the direction of the police juries, who are corporate bodies; and all suits for the benefit of the parish, should be brought in their name. 2 *Moreau's Digest,* 242, sec. 5. *Code of Practice, art.* 112.

3. The law already referred to in the act of 1813, sec. 5, expressly prescribes the mode of proceeding in a case like the present.

4. The want of right or capacity in the plaintiff to sue as parish treasurer was not required to be specially pleaded. 4 *Martin, N. S.,* 436.

*Martin, J.,* delivered the opinion of the court.

This is an action by the parish treasurer for the parish of Assumption, against the defendant, who is sheriff of the same parish, to recover from him the amount of certain taxes on suits, which the law requires the sheriff to collect and pay into the parish treasury. The plaintiff had judgment for the sum of four hundred and forty dollars from which the defendant appealed.

In this court the counsel of the defendant contends that the act of 1823, section 3, 1 *Moreau's Digest,* 627, which imposes this tax, requires, indeed, that the sheriff shall collect and pay it into the parish treasury; but the 5th section points out the mode of recovery from him, in case of

failure to pay, viz: on motion of the district attorney in any court of competent jurisdiction; and further, that the tax is imposed for the benefit of the parish, which is represented by the police jury, which is a corporation established by law, and its members are the trustees or directors to manage the concerns of the corporation, of which the parish is constituted.

On the other hand, the appellee urges that the summary mode of recovery on motion is only cumulative, and does not prevent a resort to the ordinary remedy by petition. He also contends that the plaintiff sues as parish treasurer, and the case is the same as if the parish had sued by its treasurer.

The office of the parish treasurer, *ex vitermini*, authorises the incumbent to receive all moneys due to the parish, but it does not necessarily authorise and require him to represent the parish corporation in court, either as plaintiff or defendant, so as to render a judgment in any suit he may see fit to institute for money due to the corporation, as *res judicata* against it. He ought to be expressly authorised to institute suit, in order that the corporation be bound by whatever judgment should be rendered.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed; and that judgment be entered for the defendant, as in case of non-suit, with costs in both courts.

---

EASTERN DIST. *March*, 1835.

HELLUIN ET AL vs. MAURIN.

The parish treasurer, although authorised to receive all monyes due to the parish, is not the proper person to sue or to be sued in regard to parish claims.

A judgment rendered in a suit in which the parish treasurer is plaintiff or defendant (if he be not expressly authorised), will not be *res judicata* against or in favor of the parish, in its corporate capacity.

The parish treasurer should be expressly authorised to institute suit, in order that the corporation be bound by whatever judgment is rendered in the case.