WESTERN DIS.
September, 1841.

HYDE ET AL.
vs.
BRASHEAR.

The courts will not assess damages on a plea in re-convention, in a suit by injunction and sequestration. The party must take his remedy on the bonds given by the plaintiff in injunction.

---

## HYDE ET AL. vs. BRASHEAR.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, FOR THE PARISH OF ST. MARY, THE JUDGE OF THE DISTRICT PRESIDING.

All the partners of a commercial firm must join in an action or an obligation due to the *partnership;* and on the dissolution of the partnership by the death of one of the partners, the surviving ones must join the representatives of the deceased, or obtain authority from the proper tribunal, before they can sue for a debt of the partnership.

The incapacity of surviving partners, to sue without obtaining authority or joining the representatives of the deceased, need not be specially denied. It may be assigned as error.

This is an action on a curator's bond, against the surety.

The plaintiffs, W. F. Hyde and E. D. Hyde, sue as the *surviving partners* of the late firm of W. F. & E. D. Hyde

& Co.; claiming the sum of $543 63, due their said firm by the estate of R. S. Barr, deceased. They allege, the curator and his *surety* have become liable to pay said debt, and they pray judgment against the defendant as such surety.

The defence was a general denial; and that the action could not be maintained until the estate of Barr was definitively settled, and a tableau of distribution filed and homologated; that there were funds sufficient to pay off the debts, when the estate shall have been finally settled.

On the trial the plaintiffs made proof of their claim, and showed the failure of the curator to pay over the funds, &c. There was judgment in their favor, and the defendant appealed.

*Splane*, for the plaintiff, urged the affirmance of the judgment.

*Dwight*, for defendant, assigned errors apparent in the record. *First*, that the plaintiffs could not sue as surviving partners, without joining the representatives of the deceased one, &c.

*Morphy, J.* delivered the opinion of the court.

The defendant who is sued as surety on a bond given by Robert B. Brashear, *as curator* of the estate of Wm. S. Barr, relies for the reversal of a judgment rendered against him on an assignment of errors, apparent on the face of the record. Of these, we deem it necessary to notice only that which shows the want of capacity of the surviving partners of the firm of W. F. & E. D. Hyde & Co., to sue without joining the representatives of the deceased. In the case of Crozier vs. Hodge, 3 La. Rep., 357, we held, that " where the obligation is made to a commercial firm, the partners composing it must join in the action; for the debt is due to the partnership collectively, and not to one or other of the partners, as creditors *in solido*." On the dissolution of a partnership by the death of a partner, the surviving partners have no right to sue for the debts to the

*All the partners of a commercial firm must join in an action or an obligation due to the partnership; and on the dissolution of the partnership by the death of one of the partners, the surviving ones must join the representatives of the deceased, or obtain authority from the proper tribunal, before they can sue for a debt of the partnership.*

WESTERN Drs. late firm, unless they obtain authority to do so from the proper September,1841. tribunal, or be joined in the suit by the representatives of the estate of the deceased. 13 La. Rep., 484 ; 16 Idem, 31. It is said, that the capacity of the plaintiffs to sue, is not specially denied, and that the general issue does not put them on the proof of that capacity. We conceive, that in this case it is quite immaterial, whether their capacity be specially denied, or not, because they could not prove a capacity, which is denied to them by law. It would have been different, had they sued in a capacity susceptible of being proved, if specially denied. Under a general issue such capacity would have been considered as admitted. It appears to us, that this action is not maintainable.

It is therefore ordered, that the judgment of the District Court be annulled and reversed, and that there be judgment against the plaintiffs as in a case of non-suit, with costs in both courts.

