FREDERICK NOTREBE, Surviving Partner, &c. *v.* ELIZABETH McKINNEY,

The laws of this State recognize no authority in a surviving partner. He cannot administer the effects of the partnership, until regularly appointed; nor is he then styled the surviving partner, but administrator. Nor will the omission of a defendant to except to the capacity of one who sues as a surviving partner, be considered as an admission of his right to sue as such. That which has no legal existence cannot be considered as tacitly admitted.

Payment of part of a note as agent for the defendant, by one who had drawn it in that capacity, is not evidence of his authority to bind the defendant as drawer of the note. He may have been acting as a general agent, with powers of administration only; the power to draw or endorse a note, or bill, must be express and special. C. C. 2966.

APPEAL from the District Court of Concordia, *Curry*, J.

*F. H. Farrar*, for the appellant.

*Dunlap*, for the defendant.

BULLARD, J. The plaintiff sued as surviving partner to recover the balance of a note, purporting to have been given by the defendant, through her agent. The answer was the general denial, and the prescription of three and five years. There was judgment final for the defendant, and the plaintiff has appealed.

---

* *Garrett*, for a re-hearing, urged that it is not required, either by the Civil Code, or the Code of Practice, that any mention of the probate of a will, should be made in the minutes of the court. Citing the Civil Code, arts. 1637 to 1650, and the Code of Practice, arts. 928 to 943.

*Re-hearing refused.*

His counsel contends, that the capacity of the plaintiff, as sur-viving partner, not having been specially denied, was admitted, and that he was entitled to judgment. To that it is a sufficient answer to say, that no such legal capacity exists in our jurispru-dence as that of surviving partner, although, in certain cases, the surviving partner be entitled to administer, on being regularly ap-pointed. Until such appointment, he has no authority, nor is he then styled the surviving partner, but administrator. That which has no legal existence cannot be considered as tacitly admitted, by omitting to put in an exception, *in limine litis*. The general denial put at issue the plaintiff's right to recover.

It is further urged by him, that this principle at most would authorize a nonsuit, but that the judgment rendered is a final one. The defendant's counsel, however, contends, that he was entitled to judgment on the plea of prescription, more than five years hav-ing elapsed since the maturity of the note before the commence-ment of this suit ; and, moreover, that there is no evidence that the person who signed the note as her agent, was such. This diffi-culty appears to us insurmountable. The code requires that the power to draw or endorse bills of exchange, or promissory notes, shall be express and special. Art. 2966.

The agency is expressly denied by the answer, and there is no evidence to prove it. The payment of a part by the same person in that capacity, does not show it, because he may have been act-ing as a general agent with powers of administration only, but have been incompetent to bind the defendant as drawer of a pro-missory note.

*Judgment affirmed.*