## JACOBS *v.* AUGUSTIN, Sheriff, et al.—ON A RE-HEARING.

Sec. 3 of the stat. of 25 March, 1831, authorizing the court, in case of the dissolution of an injunction, to condemn. in the same judgment, the plaintiff and his surety, jointly and sev_erally, to pay to the defendant interest on the the amount of the judgment and damages, applies only where judgments have been enjoined. In other cases, the defendant must be left to his remedy on the bond.

APPEAL by the plaintiff from a judgment of the Fifth District Court of New Orleans, *Buchanan*, J. In this case, on the first hearing, the judgment of the lower court was affirmed, for the reasons assigned by the judge *a quo*. The case involved no question of law.

*Greiner*, for the appellant. *Augustin*, for the defendants. The judgment of the court on the re-hearing was pronounced by

KING. J. The plaintiff instituted this action to set aside an adjudication made by the sheriff of certain property, which she alleges belongs to her, and was illegally seized to satisfy a judgment rendered against *Mrs. Bernard Hart*. She also claimed damages for the alleged wrongful acts of the sheriff, and obtained an injunction restraining *Romer*, the purchaser, and the sheriff, from dispossessing her. Various defences were pleaded by the defendants, and *Romer* prayed for the dissolution of the injunction, with damages. The district judge sustained the sheriff's sale, dissolved the injunction, and condemned the plaintiff and her surety, *in solido*, to pay *Romer* $100, special damages. That judgment we affirmed. Upon a reconsideration of the testimony, we still think that the validity of the sheriff's sale was properly maintained. The judge, however, erred in awarding special damages to *Romer*. It has been repeatedly held that, the act of 1831, providing for assessing damages on the dissolution of injunctions, applies only to cases of judgments enjoined. In other cases the party aggrieved is left to his remedy upon the bond. 17 La, 183. 19 La. 402. 2 Rob. 180. This error escaped our attention, when the case was originally presented.

It is, therefore, ordered that, so much of the judgment appealed from as awards $100 special damages to *Romer*, be reversed, without prejudice to

---

*Romer's* right of action on the injunction bond. In other respects the judgment is affirmed, the appellee paying the costs of this appeal.