## No. 7342.

### ADOLPHE VERRET vs. ROBERT BONVILLAIN.

The surety of the plaintiff in injunction, in a case where no money judgment is enjoined, may become the surety on the appeal-bond of the defendant in injunction, who appeals from the decree perpetuating the injunction.

Where there is no proof to show an agreement of counsel to try a rule on a certain day, and no proof of notice of trial on that day, a judgment making the rule absolute on that day is absolutely null and void.

This Court is without jurisdiction to pass on objections to evidence which the lower court did not pass on.

The court below has no right to receive certain depositions offered in evidence without first considering and passing on the objections to them made by counsel.

APPEAL from the Second District Court, parish of Orleans. *Tissot,* J.

*T. M. Gill* for Verret, appellee.

*A. L. Tucker* for appellant.

---

A. L. Tucker, for appellant, contended :

That "a change of domicile from one parish to another is produced by the act of residing in another parish, combined with the intention of making one's principal establishment there." C. C. 41.

"This intention is proved by an express declaration of it before the recorders of the parishes from which and to which he shall intend to remove," etc. C. C. 42.

"In case this declaration is not made, the proof of this intention shall depend upon circumstances." C. C. 43; 8 L. 213; 11 L. 178; 12 L. 190; 13 L. 297; 30 A. 498; 8 Cranch, 279.

T. M. Gill, contra, contended:

First—That the judgment making the rule absolute was invalid. 5 Rob. 61; 20 A. 544.

Second—That agreements of counsel, to be binding, must be in writing. 5 R. 125.

Third—That evidence of the loose confession of a deceased person is entitled to no weight. 6 A. 479; 10 L. 355; 2 R. 300; 7 R. 112; 6 A. 114, 763; 8 A. 278; 14 A. 275; 18 A. 618; 24 A. 604.

---

### On Motion to Dismiss.

The opinion of the court was delivered by

MARR, J. Adolphe Verret, claiming to be administrator of the succession of Auguste H. Verret, by appointment of the Second District Court of Orleans, brought suit against Robert Bonvillain, claiming to be administrator of the same succession, by appointment of the parish court of St. Mary, to arrest the sale of the property of the succession in New Orleans, by order of the parish court of St. Mary; and to enjoin Bonvillain from interfering with Verret in the performance of his duties as administrator. The injunction was granted; and John Calder was the surety of Verret on the injunction-bond.

The day after this suit was brought, Robert Bonvillain, in his capacity as administrator, brought suit against Adolphe Verret, in the same court, to have annulled and revoked the appointment of Verret, on the grounds that the deceased had his domicile and resided, at the time of his death, in the parish of St. Mary: that his succession was opened and plaintiff was appointed administrator by the parish court of St. Mary; and that the Second District Court was without jurisdiction to appoint an administrator.

The two cases were consolidated, and the injunction was perpetuated, and the petition of Bonvillain dismissed. Bonvillain appealed by motion; and John Calder became his surety on the appeal-bond.

Appellee Verret moves to dismiss the appeal for want of an appeal-bond, upon the ground that John Calder is not competent as surety on the appeal-bond, because, as surety on the injunction-bond, he is interested in maintaining the judgment which, as surety on the appeal-bond, he is interested in having reversed.

It is well settled that where the appeal is by motion, all the parties to the suit who are not appellants are appellees; and that where the

.appeal is from a judgment dissolving an injunction with damages, the surety on the injunction-bond is not competent as surety on the appeal-bond. See Dumas vs. Mary, 29 An. 808 ; Bauer vs. Lochte & Cordes, 30 An. 685 ; Bowman vs. Kaufman, 30 An. 1023.

But it is only where the execution of a money judgment is enjoined that the surety on the injunction-bond is a party to the suit. The words of the statute are : " On the trial of injunctions, the surety on the bond shall be considered a party plaintiff in the suit ; and in case the injunction be dissolved, the court, in the same judgment, shall condemn the plaintiff and surety, jointly and severally, to pay to the defendant, interest at the rate of ten per cent per annum on the amount of the judgment, and not more than twenty per cent as damages," etc. Act of 1831, approved 25th March : re-enacted, reducing the rate of interest to eight per cent, Acts of 1855, sec. 7, p. 325 ; R. S. 1870, sec. 1754.

In such a case as this, there being no sum of money involved, no basis upon which interest and damages could be assessed at a rate per cent, if the injunction had been dissolved, no statutory damages could have been awarded ; defendant would have been compelled to sue on the bond for such damages as he may have suffered. See Morgan vs. Briggs, 17 La. 183 ; Paten vs. Blaize, 19 La. 402 ; Wolden vs. City Bank, 2 Rob. 180 ; Jacobs vs. Augustin, 3 An. 476.

It will be the duty of this court, in the event that the judgment appealed from should prove to be erroneous, to reverse it ; and Calder, by enabling the defendant in injunction to appeal, incurs the risk of having that judgment reversed and the injunction dissolved, and of a suit and recovery against him, on the injunction-bond, for damages.

The only question, however, which we have to deal with, on this motion, is as to the competency of Calder to bind himself as surety on the appeal-bond. Extraordinary as his position may be, the fact that he is surety for plaintiff on the injunction-bond does not make him a party to the suit nor disqualify him as surety for defendant on the appeal-bond.

The motion to dismiss is therefore overruled.

## ON THE MERITS.

MARR, J. Auguste H. Verret, who resided in the city of New Orleans, continuously, from 1856 to March, 1877; went to the parish of St. Mary on the 5th March, and died there on the 2d April, 1877.

Robert Bonvillain, nephew of the deceased, was appointed administrator of his succession by the parish court of St. Mary ; and Adolphe Verret, brother of the deceased, was appointed administrator by the

Second District Court for the parish of Orleans. Under an order of the parish court of St. Mary, Bonvillain was about to have the property of the succession, in the city of New Orleans, sold at auction, when Adolphe Verret brought suit to arrest the sale, and to have Bonvillain perpetually enjoined from interference with the administration.

The theory of this suit is, that the domicile of the deceased was in the city of New Orleans; that the parish court of St. Mary was, consequently, without jurisdiction; and that the mortuary proceedings in that court were absolutely void.

Immediately after this suit was brought, Robert Bonvillain brought suit, in the same court, to have annulled the proceedings in that court, on the ground that the deceased had abandoned his residence in New Orleans, and established his domicile, permanently, in the parish of St. Mary. The suits were consolidated; and the judgment of the district court rejected the claim and demand of Bonvillain, and perpetuated the injunction granted in limine.

In support of his theory, Bonvillain caused to be taken the depositions of himself, his wife, his brother-in-law and sister-in-law, living in the same house with him, and of several neighbors. When these depositions were filed counsel of Bonvillain took a rule on the adverse party, as provided by the R. C. P. art. 439, to show cause why they should not be read in evidence; and a copy of this rule, returnable on the 23d November, 1877, was served on the counsel of Adolphe Verret, defendant on the rule. The rule was continued, and fixed for the 29th November, which was Thanksgiving, a day on which the court did not sit. It was continued from the 4th to the 6th, and from the 6th to the 7th December, as entries in the minutes show. There are no entries showing any subsequent fixing or continuance; but it otherwise appears that the rule was made absolute on the 12th December, the counsel of Verret not being present.

There is no evidence in the transcript of any service on the counsel of Verret, except that of a copy of the rule returnable 23d November, and of the notice of trial on the 29th November. How it was fixed or taken up for trial on the 12th December, we are not informed. The day before there was a conversation, on the street, between the counsel of Bonvillain and the counsel of Verret; and the former understood the latter to consent to try the rule the next morning. The counsel of Verret says he told the counsel of Bonvillain that he would try it if he could; and he could not because he was engaged, at the rule-hour, in another court.

Any misunderstanding between members of the bar as to their agreements touching the proceedings in a cause should always be carefully avoided; and it is a good rule to require all such agreements to

be reduced to writing. The proof fails to show any agreement or consent to try the rule on the 12th December ; and there is no proof of the fixing, or of notice of trial on that day. The judgment making the rule absolute, without notice, or proof of consent in lieu of notice of trial, is, in all respects, analogous to a final judgment without either citation or the appearance of the defendant. It is simply a nullity ; and, when the case came up for trial on the merits, the depositions were subject to all the objections which might have been urged against them if no such rule had been taken.

The counsel of Verret objected to the introduction of the depositions, on several grounds ; but the court refused to entertain them, because the previous rule to show cause had been made absolute. These objections are annexed to and made part of the bill of exceptions. All the depositions were considered by the judge, except that of the wife of Bonvillain, properly held to be inadmissible ; and they failed to convince him that Auguste H. Verret had changed his domicile to the parish of St. Mary, which was the only thing to be determined on the merits.

We cannot undertake to say what effect these depositions would have upon our minds ; because, before we could consider them as evidence, we should be compelled to decide that the objections are not well taken. We could not reject the depositions, and dispose of the case on the merits, without first deciding that some one of the objections is fatal ; but as the district court did not pass upon the objections, we cannot either overrule or maintain them without assuming original jurisdiction.

The first objection is, that the depositions were reduced to writing by the attorney of Bonvillain. The proof of this depends upon extraneous evidence. The bill of exceptions was signed by the judge, without explanation or reservation ; but this fact only shows that the objections were made as stated in the bill, not that they are true in point of fact. As the district court did not pass upon the objections, there was no occasion for proof, and the transcript does not show that any proof was offered in reference to this objection. It is manifest, therefore, if the objections were otherwise properly before us, we could not pass upon the first one.

In our opinion the district court erred in receiving the depositions offered in behalf of Bonvillain, without first having considered and passed upon the objections to them made by the counsel of Verret, as shown by the bill of exceptions ; and as the case is presented to us by the transcript this is all that we can decide on this appeal.

The judgment appealed from is, therefore, annulled, avoided, and reversed ; and the cause is remanded for further proceedings according to law and the views herein expressed, with instructions to the district court not to receive as evidence the depositions of Robert Bonvillain

3

and others, taken on the 7th, 8th, and 9th days of November, 1877, under the commission of date 1st November, 1877, addressed to William McGregor, Esq., justice of the peace at Franklin, parish of St. Mary, or to any judge or justice of the peace in the parish of St. Mary, La., without having first considered and disposed of the objections to said depositions set up by the counsel of Adolphe Verret, as shown by his bill of exceptions of date September 5th, 1878, the appellee, Adolphe Verret, paying the costs of this appeal, the costs in the district court to abide the final result.

Rehearing refused.