No. 1143.

POLICE JURY, PARISH OF OUACHITA, VS. MAYOR AND CITY COUNCIL OF MONROE, ET AL.

Police juries, like all other corporations created under the laws of Louisiana, are artificial beings. who can act only in the mode prescribed by the law creating them.

No officer of a police jury can legally bind or stand in judgment for the corporation without special authorization.

Parol testimony is inadmissible in proof of such authorization, as police juries can act only by ordinances or resolutions.

APPEAL from the Fifth District Court, Parish of Ouachita. *Richardson,* J.

*Potts & Hudson* for Plaintiff and Appellee.

*Talbot Stillman* for Defendants and Appellants.

The opinion of the Court was delivered by

POCHÉ, J. This suit is brought by the president, on behalf of the police jury, for the purpose of enjoining the city council of Monroe, and other parties designated as "The Business Men's Association," from usurping the exclusive power and privilege of the police jury of establishing and regulating public ferries within the parish, and for damages occasioned by the defendants by means of a free public ferry which they have established on the Ouachita river opposite Monroe.

After filing a peremptory exception of no cause of action, which was overruled, the defendants set up a general denial, followed by several special defences.

The judgment appealed from was in favor of the city council of Monroe, and against the other defendants, perpetuating the injunction and condemning them to damages in the sum of two hundred and fifty dollars.

On appeal the defendants composing the "Business Men's Association" assign as error that the president of the police jury is without right or warrant in law to stand in judgment for the parish of Ouachita. His counsel replies that the defence comes too late and that it should have been pleaded *in limine*.

The objection is not levelled at the capacity of the president, but at the latter's authority to stand in judgment for the police jury.

The general denial put at issue the allegation in plaintiff's petition that he was specially authorized to institute this suit in the name and on behalf of the police jury, hence there was no cause for an exception *in limine*, but if on trial the alleged authority was not proved it is clear on reason as well as authority that the omission can be invoked as a defence by an assignment of errors on appeal. Flower vs. O'Connor, 7 La. 196; Notrebe vs. McKinney, 6 Rob. 13; Hyde et al. vs. Brashear, 19 La. 402; Brunette vs. New Orleans, 14 Ann. 120.

Police juries, like all other corporations created under our laws, are artificial beings or persons, who can act only in the mode prescribed by the law creating them, or in the manner specified in their organic law or character. Bright vs. Metairie Cemetery Association, 33 Ann. 58, and authorities therein cited.

We know of no law, and we have been referred to none, which vests the general power in the president of the police jury to act for, to bind or represent the body in any contract or judicial proceedings without special authority thereto from the corporation.

But the contrary doctrine flows from the very nature of the powers and duties conferred on and required of such corporations by the laws creating them.

No officer of such corporations can, without special authority, legally represent the body before the courts or stand in judgment for the same. Helluin vs. Maurin, 8 La. 111; Capmartin vs. Police Jury, 19 Ann. 448.

A suit instituted by the president, in behalf of the police jury, without special authority thereto, could create no legal effects binding

on the corporation, and the judgment rendered therein could not be set as *res judicata* against the corporation.

It follows,·therefore, that in the instant case, in the absence of proof of legal authority in the president to stand in judgment for the police jury, the judgment rendered below against these defendants would be no bar to a future action by the parish against the same parties and for the same cause of action.

This conclusion seems to be conceded by plaintiff's counsel, for in his petition he distinctly alleges that the president of the police jury "is specially authorized to institute this suit;" but the record discloses that he failed to make even an attempt to prove the authorization.

In his oral argument he referred as proof of such authorization, to the affidavit of plaintiff in support of the injunction prayed for, but he could not have been serious in such a contention.

Police juries act only by ordinances or resolutions, and no parol testimony would be admissible in proof of either.

These considerations lead to a judgment of non-suit against plaintiff.

It is, therefore, ordered, that the judgment appealed from be annulled, avoided and reversed, and it is now ordered that plaintiff's demand be rejected and the action dismissed as in case of non-suit at his costs in both courts.