The opinion of the court was delivered by
Miller, J.
The plaintiffs in these consolidated eases resist the payment of the taxes for levee purposes, levied by the Board of Commissioners of the Red River, Atchafalaya and Bayou Boeuf Levee District, under the authority of the legislative act No. 79 of 1890, amended by act No. 46 of 1892. This legislation provides in the sixth section for the tax authorized by Art. 214 of the State Constitution, to be levied by the board on all property in the district liable to taxation for levee and drainage purposes, and the tenth section of the act empowers the board to levy besides an acreage tax on all such lands of five cents per acre. Under these acts the board imposed the tax of five mills authorized by Art. 214 of the Constitution and the act, and besides levied the acreage tax in accordance with the tenth section of the act.
The petition assails these taxes on the grounds substantially that petitioners’ property alleged to be neither reclaimed or susceptible of reclamation by the levee system is not within the scope of the taxes authorized by the acts; that the taxes if applied to the property, violate Art. 1 of the Constitution of the State, announcing the protection of life, liberty and property to be the object of government, and Art. 156 prohibiting the takiDg of private property without compensation. It is charged also the taxes applied to petitioners’ property violate the rule of uniformity of taxation, and taxation according to value prescribed by Arts. 203 and 218 of the Constitution. In this connection it is averred that cleared and cultivated lands, worth more, are taxed no higher than the lands of petitioners, alleged to be swamp and overflowed; that the levee district is a subdivision of the State and the valuation put on the property for State purposes is not the basis for the taxes claimed; it is charged that the acreage tax of five mills exceeds the constitutional limit, and is not an ad valorem tax; that the acreage tax is excessive; that in dis *1565 regard of the equality and uniformity of taxation exacted by the Constitution, petitioners’ lands in the Atchafalaya swamp are assessed for the acreage tax as high as cleared land fit for cultivation; the acreage tax it is alleged is really a tax of fifty mills per annum, and the answer insists that the petitioners’ lands in the swamp, valuable only for timber, can never be improved or augmented in value by the levee system, and hence are exempted from taxation under these legislative acts, based as they are on the theory that the taxes will improve and increase the value of the lands to be taxed. The answer maintained the validity of the taxes, as did the judgment of the lower court, and from that judgment, refusing the injunction to restrain the collection of the taxes, the plaintiffs prosecute this appeal.
It is the mandate of the Constitution that the State shall be divided into levee districts, placed under tbe charge of boards of levee commissioners, and for the erection, maintenance and repairs of the levees, these boards are authorized to levy a tax on the property liable to taxation within the alluvial portions of the district subject to overflow. The limit of this tax was five mills, enlarged by the constitutional amendment of 1884 to ten mills if the increased taxation was approved by the vote of the tax-payers within the alluvial part of tbe district subject to overflow. Constitution, Art. 214; Amendment Acts 1884, No. 112, p. 149. Under this article of tbe Constitution, tbe commissioners of the Red River, Atchafalaya and Bayou Bceuf Levee District have imposed this tax of five mills. The courts have no jurisdiction to exert with respect to this tax, save to ascertain if the property on which it rests is of the character specified in the Constitution. It is not susceptible of controversy that the property taxed is alluvial under the taxing district, and subject to overflow. In so far as this controversy may be deemed directed against that tax, the answer is in theory organic law.
The plaintiffs’ argument assails With great vigor the acreage tax of five cents per acre directed to be imposed by this act of 1892 on all lands in the district subject to taxation for levee and drainage purposes. The previous decisions of this court have maintained that this assessment or acreage tax is not within the limitations in the organic law on general taxation, and are to be viewed as assessments for local improvements. The discussion in this case recognizes the finality of these decisions, and concedes corresponding *1566 limit of judicial inquiry. Charnock vs. Levee Company, 38 An. 327; Planting Company vs. Tax Collector, 39 An. 455; Munson vs. Commissioners, 43 An. 15; Minor vs. Sheriff, 43 An. 337; George vs. Sheriff, 45 An. 1232.
It is contended on behalf of plaintiffs, their land can derive no benefit from levees or drainage, and that the assessments resting on .the theory that the lands can be thus benefited, under the guise of securing an impossible improvement, virtually propose the confiscation of the property, in violation of the constitutional provision prohibiting the taking of private property without compensating the owner. To the legislative judgment is necessarily submitted the question whether this benefit can be secured; a judgment not final, it may be claimed, but certainly not for judicial revision, except in clear instances of wrong and oppression. If rightfully imposed, the assessments can not be deemed confiscative, and the constitutional objection remits us to an examination of the question of benefit.
It is urge 1 on us, too, that the lands, by reason of their situation and condition, are not within the scope of this levee legislation. By this is meant that the legislation applies only to lands capable of receiving protection from levees, and the argument claims these lands are beyond that protection. The testimony for plaintiffs shows the lands are overflowed from back-water as well as by rain-water. The witnesses testify that no leveeing would free the lands from backwater, and would tend to prevent the escape of rain-water; that near ' the water courses there is a ridge of light, sandy soil, but the lands slope to the swamp three-fourths to a mile back; that there are no settlers on the west side of the Atchafalaya below Petite Prairie, and none on the Courtableau for twelve miles from its mouth. With reference to a large part of the lands, the testimony is they are uninhabitable; that they are valuable only for timber, and, it is testified, can not be reclaimed except by levees and drainage, the cost of which would far exceed the value when reclaimed, if that ever could be accomplished. On the other hand there is the testimony produced by the board tending to show that by the levees and drainage proposed, the desired protection of the lands can be secured. In view of the character of the lands it is confidently claimed they were not intended to be embraced in the assessment. From all the light obtainable the Legislature has determined the limits of the taxing district. In the preamble to the act the pur *1567 pose is expressed, to establish a comprehensive system “to protect the entire district from destructive floods,” and to confer authority to levy assessments on the lands to be protected. In the body of the act the board, besides the tax provided by the Constitution, is directed to levy assessments on all property within the district subject to taxation for levee and drainage purposes. Throughout the preamble and act it is the entire district that is made the subject of these assessments, the only exception being implied in the provision that on the application of the Police Juries lands may be excluded, reported by the engineers incapable of protection. Act No. 79, Sec. 15. On this branch of the case the conclusion seems to us inevitable that all lands in the district were intended to be and are embraced, save that reported as proper to be withdrawn by the engineers. So far then as the plaintiff’s argument rests on the question of intention it is our opinion the lands of plaintiffs were unquestionably intended to be embraced in the scope of the act.
But it is contended on behalf of plaintiffs that this acreage assessment is arbitrary and indefensible, because levied on every acre in the district without reference to value. Thus the cleared lands of much greater value are taxed no higher than swamp lands assessed at only fifty cents, and it is claimed not susceptible of sale at that price. An additional inequality arises, it is contended, from assessing lands susceptible of protection from levees no higher than the lands claimed to be incapable of receiving such protection. There has been much diversity as to the best method of imposing local assessments', so as to obtain as far as possible equality, for all understand perfect equality of taxation is unattainable. If the Legislature were to classify the property for assessment on the theory that some property, by reason of its situation, would derive more benefit from the proposed improvement than other property, it is quite likely that injustice would still be done. Assessments for a local improvement higher on property supposed to be specially benefited than on other property in the same district would probably be quite as distasteful as any other mode of taxation, certainly to those called on to pay the higher tax.
The legislative judgment in this system of classified assessments that A should pay a greater assessment than B on property they own in the district of the proposed improvement might be acceptable to B, but not to A, and it is not at all unlikely inequalities would exist *1568 in any such mode of adjusting assessments. In our sister State of Mississippi these assessments for levees are adjusted in proportion to the distance of the land from the river. This is urged on us as-equitable. Yet it might be deemed arbitrary that land twenty miles from the river, and, perhaps, safe by reason of its peculiar situation from any overflow, should pay the same tax as land within ten miles of the river, inevitably to be submerged in seasons of high water. Defects in our opinion may well exist in any system of assessment, and all that can be exacted is approximate eqality. We think acreage taxation meets this, requirement. It proceeds on the theory that it costs as much to drain one acre as another. The same levee and drainage work required to protect lands on or near the river suffices to protect the low lands in the rear. If there is error in this theory it arises from the fact that the expense is greater because the lands in the rear require more leveeing and drainage work than the front lands. But the acreage system of assessment calls on all the lands to pay only its proportion of the expense of the local improvement. The system supposes that if the front lands are benefited five cents per acre, that the low lands in the rear, though less valuable, are benefited five cents an acre, the proportion to each acre of the expense incurred. The acreage system of assessment is, after all, in our judgment, as equitable as any, and has been sanctioned in our past legislation and sustained by our courts. See Wallace vs. Shelton, 14 An. 498; the Drainage Cases, 11 An. 338, and by implication, if not expressly, in our decisions already cited under this levee legislation.
There remains the contention that plaintiffs' lands can not be-benefited by levees or drainage, and hence can not be made subject to assessments, resting solely on the theory that the lands will be improved by the levees and drainage proposed. It is a legislative-question to determine the property on which assessments are to be placed for local improvements, or in ocher words, to determine the property within the scope of the improvement and to be taxed for the expense. Cooley on Taxation, Chap. 20, pp. 428, 429. The wisdom of the Legislature in selecting the objects of taxation, it has been well stated on more than one occasion, is not a question for courts* Of course, if taxation, so called, infringes on any limitation of the organic law, lower courts can grant relief. But, subject to this judicial control to protect the constitutional right of the citizen, the *1569 power of taxation is absolute in the legislative department. Bordelon vs. Lewis, 8 An. 472; Layton vs. New Orleans, 12 An. 517; Municipality vs. Duncan, 2 An. 186; Planters’ Co. vs. Tax Collector, 39 An. 462; Minor vs. Daspit, 43 An. 337. We have in the legislation called in question here the judgment of the legislative department of the advantage and practicability of a scheme of levee and drainage to protect from inundation the district created by the act, and the legislative directions that taxes shall be imposed on the lands within that district. We are asked to determine the Legislature was entirely wrong in its judgment in including plaintiffs’ lands within the scope of the proposed improvement and the assessments to be imposed. We have in these acts the exhibition of a system of levees accompanied with a scheme of drainage proposing the great benefit of reclaiming our alluvial lands. Of course large expense is to be incurred, hence the taxation and assessment. There is the scientific judgment on behalf of the board that this result can be achieved. Even the testimony of the defendants seems to concede this, but attended with an expense, in their opinion, greater than the value of the lands. Is this court, on the strength of that opinion, to determine, in opposition to the legislative judgment, that the alluvial lands of the State in the situation of those of plaintiff must forever remain in their present condition of overflow? We must take notice that the alluvial lands of the State once subject to overflow have been, in great part, reclaimed by the methods proposed by this.legislation. Our appreciation of the legislation and of the testimony with reference to this subject brings us to the conclusion there is no basis to hold these lands can not be reclaimed, and thus substitute the judgment of this court for that of the legislative department, far better qualified to determine the question of benefit involved.
It is therefore ordered, adjudged and decreed that the judgment of the lower court in the following entitled consolidated cases:
John Hill et al. vs. T. S. Fontenot, Sheriff, etc.
A. L. Abbott vs. Same.
Alma Aiken vs. Same.
Alfred Slidell et al. vs. Same.
Levy Duson et al. vs. Same.
J. Meyers & Oo. vs. Same.
L. Godchaux et al. vs. Same.
L. Godchaux vs. Same.
*1570 Vincent Boagni vs. Same.
J. E. Vannoy vs. Same.
Boagni & Levy vs. Same.
Eliza Dixon vs. Same.
Clementine Phelps vs. Same.
W. O. Scott vs. Same.
Boagni & Levy vs. Same.
Be affirmed at the costs of the appellants.