(36 South. 797.)

No. 15,259.

UNITED RY. & TRADING CO., Limited, v. MEVERS, Sheriff.

(May 23, 1904.)

MUNICIPAL TAXATION—LEVEE TAX—EXEMPTIONS.

1. The 10-mill tax authorized by article 239 of the Constitution of 1898 to be levied by levee commissioners for levee purposes is not a municipal tax. The capital, machinery, and other property engaged in the manufacture of paper in a manufactory employing more than five hands, which is situated within a levee district, and is protected by the levee system, is not exempt from taxation under article 230 of the Constitution, granting for such property exemption from municipal taxation.

(Syllabus by the Court.)

Appeal from Twenty-Ninth Judicial District Court, Parish of Plaquemines; Robert Hingle, Judge.

Action by the United Railway & Trading Company, Limited, against Frank C. Mevers, sheriff. Judgment for defendant, and plaintiff appeals. Affirmed.

Farrar, Jonas & Kruttschnitt, for appellant. John Dymond, for appellee.

Statement of the Case.

NICHOLLS, J. The plaintiff, averring itself to be a corporation organized under the

laws of Great Britain, alleged in the petition filed in this case that it was the owner of a paper mill, buildings, and machinery situated on the sugar plantation commonly known as "Orange Grove Plantation," in the parish of Plaquemines, on the left bank of the Mississippi river, about 16 miles below the city of New Orleans; that said paper mill, buildings, and machinery were assessed upon the assessment rolls of the parish of Plaquemines for the year 1902 for the sum of $50,000; that, although said property was so assessed and was liable to state taxes, it was exempt from parochial and municipal taxes, under the provisions of article 230 of the Constitution of the state of Louisiana, for a period of 10 years from the 1st day of January, 1900, which exempts the capital, machinery, and other property employed in the manufacture of paper, provided that not less than five hands are employed in any one factory; that said paper mill and machinery were during the whole of the year 1902 employed in the manufacture of paper, and that not less than five hands were employed in said mill, buildings, and machinery, which constituted one factory; that notwithstanding the provisions of said article of the Constitution of the state of Louisiana, and the exemption of said property from taxation as aforesaid, the Honorable Frank C. Mevers, sheriff and ex officio tax collector in and for the parish of Plaquemines, state of Louisiana, had notified petitioner that said property became delinquent for levee taxes on the 31st day of December, 1902, and threatened to advertise said paper mill buildings and machinery for sale for taxes unless the same were paid forthwith, and that said sheriff and tax collector would, unless restrained by the court, carry said threat into effect; that the said levee tax was a municipal tax, within the meaning of the Constitution of the state, and that said property aforesaid, being exempt from parish and municipal taxation as aforesaid, was exempt

from said levee tax; that petitioner's said property would be seized and sold, and petitioner irreparably injured, unless a writ of injunction should issue as hereinafter prayed for; that the amount of the levee tax so claimed by said sheriff and tax collector was the sum of $500, exclusive of interest and costs. In view of the premises, petitioner prayed that a writ of injunction issue, enjoining, restraining, and prohibiting the said sheriff and ex officio tax collector of the parish of Plaquemines from advertising the said paper mill, buildings, and machinery, or any part of the same, for sale in order to realize the amount of said levee taxes alleged to be due on said property; that, after due proceedings had, there be judgment in favor of petitioner, decreeing that said paper mill, buildings, and machinery aforesaid were exempt from taxes for the year 1902; that any record or claim of any kind whatsoever against said property for said taxes was null, void, and of no effect, and perpetuating the injunction aforesaid against the sale of said property, or any part thereof, in order to realize said taxes and costs; and petitioner prayed for costs and all equitable and general relief.

An injunction was granted and issued as prayed for.

The defendant answered, pleading first the general issue. Further answering, it averred that plaintiff was the owner of a paper mill, buildings, and machinery situated at Orange Grove Plantation, in the parish of Plaquemines, and that the said paper mill, buildings, and machinery were assessed on the assessment rolls in the parish of Plaquemines for the year 1902 for the sum of $50,-000; that it was only just and proper that the said property should be so assessed, and should pay the taxes levied thereon and assessed under the provisions of Act No. 14 of 1902, creating the board of commissioners for the Lake Borgne Basin levee district; that the said levee district tax was neither a munic-

ipal nor a parochial tax, and that the said property was therefore not exempt from same under article 270 of the Constitution of this state, and that it was not proper that the said property should be exempt, as the taxes levied and to be collected were used in constructing and maintaining the levee system of said district, which said levee system protects from overflow by the high waters of the Mississippi river not only that section of the country where is grown the raw material of the said paper mill in its manufacture, but the paper mill itself; and that it could not be operated without levees.

In view of the premises, defendant prayed that the relief prayed for by plaintiff should be denied, that taxes as assessed be declared to be legal, that the injunction issued herein be dismissed, and that defendant's right to proceed to the sale of the property by reason of its failure in the matter of the payment of said taxes be not restricted, and for such further general and equitable relief in the premises as might become necessary.

The case was tried upon the following agreed statement of facts:

"In this case it is admitted:

"First. That plaintiff was the owner of a paper mill, buildings, and machinery located on Orange Grove Plantation, in the parish of Plaquemines, on the left bank of the Mississippi River, about sixteen miles below the city of New Orleans.

"Second. That said property is assessed on the assessment rolls of the parish of Plaquemines for the year 1902 at the sum of fifty thousand ($50,000) dollars.

"Third. That the defendant claims and has demanded of plaintiff payment of a levee tax on said property, which tax amounts to ten (10) mills on the dollar, or a total of five hundred ($500) dollars, exclusive of interest and costs, and that said defendant has notified plaintiff that he will advertise for sale each specific piece of immovable property on which he claims that the said taxes are due,

in the manner provided by law for judicial sales, unless said levee taxes be paid within twenty (20) days from the date of said notice; and that more than twenty days have elapsed since said notice was served on plaintiff.

"Fourth. That said paper mill, buildings, and machinery were during the whole of the year 1902 employed in the manufacture of paper, constituting but one factory, and that more than five hands' were employed on the same; that the sole question to be adjudged in this cause is, therefore, the question whether or not a levee tax is a municipal tax, within the sense and meaning of article 230 of the Constitution of the state of Louisiana, declaring the exemption from parochial and municipal taxation of the mill, machinery, and other property employed in the manufacture of paper."

It was further admitted that the plaintiff company manufactures its paper from bagasse made from sugar cane; that the plant of the plaintiff company, as well as its raw material, is located and grown in the parishes of Plaquemines and St. Bernard, within the limits of the Lake Borgne Basin levee district, which section is subject to inundation by the high water of the Mississippi river, which high water is prevented from injuring the buildings and destroying the crop of raw product by the existence of the levees which are built from the funds derived from the taxation herein contested. The district court rendered judgment against the plaintiff and in favor of the defendant, adjudging and decreeing that the demand of the plaintiff be dismissed, and that the injunction which had issued be dissolved. It further ordered, adjudged, and decreed that the defendant sheriff of the parish of Plaquemines do have and recover of plaintiff, the United Railway & Trading Company, Limited, judgment declaring the 10-mill tax levied by the board of commissioners for the Lake Borgne Basin levee district upon plaintiff's property legal and constitutional. It further ordered, adjudged, and decreed that the fee of John Dymond, Jr., attorney for the sheriff defendant herein, be fixed at the sum of 10 per cent. upon the amount of taxes and penalties to be paid by plaintiff herein, and that plaintiff pay all costs of this proceeding.

The plaintiff appealed.

## Opinion.

Plaintiff in injunction urges that by the seventh section of Act No. 14, p. 20, of 1892, creating the Lake Borgne Basin levee district, it is constituted a body politic, or political corporation, and not only is it a political, but it is a municipal, corporation. In support of that proposition its counsel refer the court to Parker v. Scogin, 11 La. Ann. 629–631; to Police Jury v. City Council, 38 La. Ann. 630; to Stoutenburgh v. Hennick, 129 U. S. 141, 9 Sup. Ct. 256, 32 L. Ed. 637, as declaring that the District of Columbia was a municipal corporation; to Burrill's Law Dictionary and to Bouvier's Law Dictionary (Rawle's Ed.) verbo "Municipal Corporations"; to 2 Kent's Commentaries, 275; to Tiedeman on Municipal Corporations, § 3; to Dillon on Municipal Corporations (4th Ed.) § 19; Id., note 2 to section 22, p. 41, referring to 38 La. Ann. 630. They contend that, if the Lake Borgne Basin levee district be a municipal corporation, the taxes levied by it for levee purposes are municipal taxes, and that as article 230 of the Constitution of 1898 declares that there be exempt from parochial and municipal taxation for a certain period the capital, machinery, and other property employed in the manufacture of textile fabrics and other designated articles, among which is included the manufacture of paper, the property belonging to it which the sheriff and ex officio tax collector of the parish of Plaquemines has seized and is about to sell in enforcement of a levee tax levied by the Lake Borgne Basin levee district is

exempt from such taxation under the provisions of that article of the Constitution.

Defendant invokes first against the claim of exemption the principle that exemptions from taxation are to be admitted only when shown to exist in the clearest and most positive manner. Its counsel urges that the taxes levied are not only not municipal taxes, but they are, in character, a species of state tax recognized by the Constitution. He refers to article 230 of the Constitution of 1898 as being one of several articles under the general heading "Revenue and Taxation," of which article 224 is the first; the latter article reading as follows: "The taxing power may be exercised by the General Assembly for state purposes and by parishes and by municipal corporations and public boards under authority granted to them by the General Assembly for parish and municipal and local purposes strictly public in character." Commenting upon the language of this article, he says that it will be at once seen that the Constitution contemplates the following classes of taxation and agencies of taxation: (1) The state for governmental purposes; (2) municipalities for their municipal purposes; (3) public boards, under authority conferred upon them by the General Assembly, for local purposes strictly public.

He further says that article 230 declares that the capital, machinery, and other property employed in the manufacture of paper shall be exempted from parish and municipal taxes, but no mention is made of exemption from state taxation; that counsel of plaintiff, in the statement of facts found in their brief, say, "Although their property is liable for state taxes, it is exempt from parish and municipal taxes under that article."

Combining the two articles 224 and 230, defendant says the conclusion is irresistible that plaintiff's property is not exempt from taxation for levee purposes. Defendant admits that it is unquestionably a public board created by the General Assembly under article 239 of the Constitution, but the tax which is contested is for the local public purpose of protecting plaintiff's property from being destroyed by the high water of the Mississippi river, as will be seen from the act itself creating the board. It contends that had the convention intended to have made the exemption, which it is claimed is contained in article 230 of the Constitution, to embrace an exemption from state taxation and public board taxation, it would have said so, but that kind of taxation was specially omitted.

As further showing that the Constitution recognized levee taxes as falling within a special, distinct class of taxes, it quotes that portion of article 230 which reads as follows: "There shall be no forfeiture of property for nonpayment of taxes, state, levee district, parochial, or municipal, at the expiration of the year," etc. The reference separately in this article in express terms to state taxes, to levee district taxes, to parochial taxes, and to municipal taxes distinctly separates levee district taxes from municipal taxes.

Counsel of defendant maintain that the term "municipal corporation," in its general sense, refers to a city or municipality, not to a public board exercising, for local public purposes, under power delegated to it by the General Assembly, the right of taxation for levee purposes. The fact that such a board may possess some of the features or attributes of a municipal corporation does not make it one.

He refers the court to the Standard Dictionary, verbo "Municipal," as defining "municipal" as "pertaining to a city or town, or to corporate or local government in general, as municipal politics; municipal freedom; belonging to a corporation or city"; and to Worcester's Dictionary, under the same heading, as signifying "that which belongs to a corporation or a city. The term

includes the rules or laws by which a particular district, community, or section is governed. It also means local, particular, independent."

Counsel quote also from Black's Law Dictionary, under the same heading, and from the American & English Encyclopedia of Law (2d Ed.) p. 1080. Counsel refer the court to the cases of Munson v. Board of Commissioners of the Atchafalaya Basin Levee District, 43 La. Ann. 15, 8 South. 906; also to Boagni v. Fontenot, 46 La. Ann. 1566, 16 South. 475; Citizens & Taxpayers of De Soto Parish v. Williams, 49 La. Ann. 434, 21 South. 647, 37 L. R. A. 761; State ex rel. Ferguson v. Caffery, 49 La. Ann. 1770, 22 South. 756, 1008; Missouri, K. & T. Trust Co. v. Smart, 51 La. Ann. 424, 25 South. 443; Vicksburg, S. & P. R. Co. v. Traylor, 104 La. 292, 29 South. 141; Excelsior Planting & Mfg. Co. v. Green, 39 La. Ann. 455, 1 South. 873.

Defendant calls our attention to section 56 of Act No. 170 of 1898, p. 373, as directing the court to assess against the party cast attorney's fees on the tax and costs.

We have given careful consideration to the arguments advanced on both sides on the question submitted to us, and have reached the conclusion that the judgment appealed from is correct. There can be no question that levee boards, under the Constitution, are bodies politic entirely separate and distinct from municipal corporations for the purpose of taxation. The power of taxation was delegated to them to exercise for local public good.

Our attention was, to some extent, called to the classification of corporations in Farmer v. Myles, 106 La. 333, 340, 30 South. 858, and State v. Board of Levee Commissioners, 109 La. 437, 33 South. 385.

For the reasons herein assigned, the judgment appealed from is hereby affirmed.

PROVOSTY, J., concurs in the decree.