NORTH AMERICAN ACC. INS. CO. *v.* MILLER, STATE TAX COLLECTOR.

'(Division B. Dec. 9, 1929.)

[125 So. 112. No. 28104.]

Holmes & Holmes, of Yazoo City, for appellant.

Bratton, Bratton & Dailey, of Jackson, and **Dabney &
Dabney**, of Vicksburg, for appellant.

Franklin, Easterling & Rosenthal, of Jackson, for appellee.

Argued orally by **Moncure Dabney**, for appellant, and by **Lamar Easterling** and **P. C. Canizaro**, for appellee.

**Griffith, J.,** delivered the opinion of the court.

The Yazoo and Mississippi Delta levee district demanded of appellant the payment of two hundred dollars for each of the years 1926, 1927, and 1928, for the privilege of doing an accident insurance business within said district during said years; and, said demand being refused, appellee, in behalf of said levee district, sued and recovered judgment, from which appellant appeals.

The bases of the said demand by the levee district are as follows: Chapter 80, Laws 1902, provides that the board of levee commissioners for the Yazoo-Mississippi Delta levee district is authorized and empowered to levy a tax upon all privileges exercised within said levee district, said privilege tax not to exceed the state privilege tax upon the privilege exercised, and, pursuant to the above authority, the board of levee commissioners for said district passed an ordinance effective April 17, 1923, levying a privilege tax of two hundred dollars per annum upon each accident insurance company.

While admitting that it exercised the aforesaid privilege within the levee district during said years, appellant contends that it is not liable for the levee privilege taxes, because, it says, at the same session of the legislature at which the act first above mentioned was passed there was enacted the general statute relating to the state insurance department, chapter 59, Laws 1902, which, among other things, provided that "the Insurance Commissioner shall collect and pay into the State Treasury the following licenses and taxes which shall be in lieu of all other licenses and taxes, state, county or municipal" (section 63); that this same proviso was brought forward in section 2629, Code of 1906, also in section 5095, Hemingway's Code 1917, and by chapter 185, Laws of 1922, was re-enacted in similar language as follows: "The state Insurance Commissioner shall collect from and pay

into the State Treasury, the following license and privilege taxes, which shall be in lieu of all other licenses and privilege taxes, state, county or municipal;'' that appellant has paid its state privilege taxes to the state insurance commissioner, and therefore, inasmuch as it was said in United States Fidelity & Guaranty Co. v. Bank, 103 Miss. at page 107, 60 So. 47, 48, that "levee boards are also municipal corporations in the broader sense of the term," the use of the word "municipal" in the statute last above quoted operates to relieve appellant of these levee privilege taxes claimed. Appellant also relies on section 234, chapter 118, laws 1926, which in part provides that "a tax shall not be levied by a county or municipal authority on the privilege tax imposed on insurance companies," etc.

The contention of appellant, to state it otherwise, is that statutes providing for taxation are to be construed strictly against the taxing authority and liberally in favor of the taxpayer, that a tax cannot be imposed without clear or express words for that purpose, and, where there is any ambiguity or doubt, it must be resolved in favor of the person upon whom it is sought to impose the burden; that, since the words "municipal" and "municipal authority" may, and often do, include governmental districts, such as levee districts, the terms as used in these statutes should be given that interpretation in favor of the taxpayer, in obedience to the principle above outlined.

Appellee, in reply, urges that what appellant is contending for is an exemption, and that a claim of exemption from taxation by virtue of any special provision in a statute is construed in strictissimi juris; that it must rest upon language in regard to which there can be no doubt as to the meaning, and the exemption must be granted in terms too plain to be mistaken. We have observed with some interest that one of counsel for appellant in his brief has at several places referred to the

claim of appellant as an exemption, and we note that the court, in Royal Ins. Co. v. Levee Commissioners, 95 Miss. at page 172, 48 So. 183, speaks of this precise matter as an exemption.

But we do not rest our decision upon the surface of either of the contentions aforesaid. While the general principles, as contended for by both sides and as outlined above, are well settled in this state, they are not, nor is either of them, to be taken as any short cut to the solution of every problem of this nature which arises. They are not to be acted upon as justification of a surrender by one side or the other when only the skirmish line has been reached. It is necessary to look deeper into this question, and back through the long line of the legislative and judicial history of our state in the matter of these levee districts, and we must note, too the geographical situation, and all that that has meant. We look to sections 227 to 239 of the Constitution, respecting levee districts, and to the various exceptional provisions therein contained, and we note the fact that in none of our Revised Codes of the general statutory laws of the state have the statutes which distinctly govern the levee districts been embodied. These and various further features and circumstances too numerous to cite in detail demonstrate that general legislation in this state, when statutes such as this are in question, must be considered as not having these levee districts in purpose, unless the terms thereof show either by express words, or by terms that are otherwise satisfactory, that these districts were meant to be included.

We look also to see what our sister states, Arkansas and Louisiana, have considered about this matter. Next to our own state, those states are and have long been more vitally interested in these questions than any of the other states. Their Constitutional Conventions, legislatures, and courts have had all these matters for many years in mind, so that their opinions should be of a

highly persuasive value to us. We align ourselves with them on this question.

In St. Louis, etc., Ry. Co. v. Board, 103 Ark. at page 137, 145 S. W. 892, it is said: "The district under consideration is not a municipal corporation within the inhibition of section 4, article 12, of the Constitution, which provides that no municipal corporation shall be authorized to levy any tax on real property to a greater extent in one year than five mills on the dollar of the assessed valuation of the same. Levee districts like the one under consideration are governmental agencies for the purpose of carrying on certain public improvements, but the powers which are expressly conferred upon them have reference only to these public improvements, and they have, in no sense, such governmental powers as are possessed by municipal corporations."

In United Railroad & Trading Co. v. Mevers, 112 La. at page 906, 36 So. 797, 799, the court says: "We have given careful consideration to the arguments advanced on both sides on the question submitted to us, and have reached the conclusion that the judgment appealed from is correct. There can be no question that levee boards, under the Constitution, are bodies politic entirely separate and distinct from municipal corporations for the purpose of taxation."

We hold, therefore, that, in the statutes relied on by appellant, the terms "municipal" and "municipal authorities" do not include levee districts.

Affirmed.