State ex rel. Board of Liquidation vs. City.

No. 9094.

THE STATE EX REL. THE BOARD OF LIQUIDATION VS. THE CITY OF
NEW ORLEANS.

Section 14 of Act No. 33. of 1877, which authorizes the city of New Orleans to apply the
stock which it acquired in the Water-works Company, to the reduction of the bonded
or floating debt is repealed, altered or modified by section 5 of Act No. 133 of 1880.

Under the terms of that section, the Board of Liquidation is entitled to receive from the
city all its property, real and personal, *not dedicated to public use*, and the city can be
compelled by *mandamus* to turn it over to that auxiliary State functionary.

The stock in question, although declared to be exempt from seizure, has never been pro-
nounced to be and is not property *dedicated to public use*. It should be transferred by the
city to the Board, to be disposed of and applied as the law directs, by that organization.

APPEAL from the Civil District Court for the Parish of Orleans.
Monroe, J.

*Henry C. Miller* for the Relator, Appellee.

*W. H. Rogers*, City Attorney, and *Chas. F. Buck* for Defendant and
Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is a proceeding by *mandamus* to compel the
City of New Orleans to turn over to the relator, 927 shares which it
owns of the stock of the New Orleans Water-works Company and also
the dividends accrued thereon.

The resistance of the city rests on two grounds :

1. That the shares are not affected by section 5 of Act 133, of 1880,
which directs the turning over and transfer to said Board all the prop-
erty of the city, real and personal, *not dedicated to public use*.

2. That the same section 5 does not repeal section 14 of Act 33, of
1877, which authorizes the city to apply the stock to the reduction of
the bonded or floating debt of the city, under stated terms and con-
ditions.

In substance, the defense is : that the stock is property *dedicated to
public use* and that the city has never been divested by law of its con-
trol and possession over it.

I.

The section of the Act of 1880, alluded to, reads as follows :

"*Be it enacted, etc.*, That it shall be the duty of the city authorities,
as soon as possible after the organization of the Board of Liquidation
of the city debt, to turn over and transfer to the said Board, all the
property of the city of New Orleans, both real and personal, not dedi-
cated to public use, and the Board of Liquidation shall be and is hereby

NEW ORLEANS, MAY, 1884. 525

State ex rel. Board of Liquidation vs. City.

empowered and authorized to dispose of said property on such terms and conditions as may be deemed favorable; the proceeds of such sale or sales to be deposited with the Fiscal Agent of the Board at credit of " City Debt Fund."

The Board of Liquidation, created by that act, is a State functionary, clothed with auxiliary municipal powers, contemplating a liquidation of part of the affairs of the city of New Orleans, concerning its public debt, by taking possession of its available property, reducing it into money and satisfying its creditors out of its proceeds, as far as practicable.

When the law-maker directed the transfer by the city to the Board, of all its property, real and personal, *not dedicated to public use*, he intended that class of property which was not needed for public necessities, and not the other class, consisting, for instance, of the court-houses, school-houses, engine-houses, markets, the city hall, the asylums the jails and police stations and the like, which are actually needed and dedicated to public use.

It is perfectly true, that, as was declared by the United States Supreme Court, the water-works were not liable to execution of judgments against the city, that the Legislature intended to change the form of the city's ownership of that property into that of shares of the capital stock of a company, of which it was, at first, the sole owner; that these shares represented the water-works of the city and nothing else; and that the shares were entitled to the same exemption which belonged to the property represented by those shares. 105 U. S. 603.

But that judicial declaration of the character of that stock merely exempts the stock from seizure. It does not announce that it is property *dedicated to public use*.

It is indeed difficult, if not impossible, to conceive how shares of stock can be viewed as dedicated to public use, unless there be exhibited, which is not done, some legislative enactment consecrating them, formally, for such purpose or object.

Shares of stock are valuable securities equivalent to a capital yielding revenue and are susceptible, by sale or pledge, of realizing money where the power to dispose of them, in either mode, exists.

In the present instance, the other section, from the Act of 1877, authorized the city to dispose of the shares on certain terms and conditions.

We do not conceive that they constitute property dedicated to public use and consider that they should be delivered to the relator, unless the second ground is well taken.

## II.

Section 14 of Act 33, of 1877, reads as follows :

"*Be it enacted, etc.,* That the city of New Orleans, through its council, shall have authority to apply the stock subscribed for by said city as herein provided, to the reduction of the bonded or floating debt of said city, on such terms of adjustment as may be mutually agreed upon between the City Council and the holders of such bonded or floating debt; *provided,* said stock shall not be sold at less than par and that, when sold for obligations of the city, it shall only be under sealed proposals, after not less than fifteen days' advertisement in two daily papers, to the bidders who shall offer said obligations at the most advantageous rate, the Council reserving the right to reject any and all bids."

It is evident that this section as also that previously quoted, which is of more recent date, cannot co-exist and be made to operate simultaneously, for there exists between them an incompatibility which impresses upon them a repugnancy which renders their provisions antagonistical.

In enacting laws, the Legislature must be presumed to act with deliberation and with knowledge of all existing laws on the same subject, and, hence, it can be well concluded, that it intended to abrogate a prior law on the same subject, when the repugnancy between the two is irreconcilable.   Sedgwick, 104.

In the present instance the two laws are special laws, relating to the affairs of the city of New Orleans, the liquidation of its debt, the sale of its property for the satisfaction of its obligations.

By the section under consideration, which forms part of an act passed in 1877, relative to the water-works, which were then owned by the city, and to the liquidation of the bonded and floating debt of the city, the Legislature merely authorized the city to apply the stock which it was to receive in place of the works, to the reduction of its debt, prescribing the terms and conditions upon which the same could be sold and applied.

By the section first quoted, which forms part of the Act of 1880, which created the Board of Liquidation and specified its rights and obligations, the powers of liquidating and settling its bonded debt were withdrawn from the city and vested in that board, its property not dedicated to public use was ordered to be turned over, and authority to dispose of the same as may be deemed favorable, was vested in the same auxiliary organization.

The city of New Orleans is a State functionary also. Its powers are subject to fluctuation with the legislative will, where change is not guarded against by the organic law and where the vested rights of third parties are not to be injuriously affected. No such shelter by the Constitution is alleged or established, no such parties are heard to complain in this controversy. This city advances neither.

Whether in disposing of the shares in question the Board would or not be bound to observe the limitations imposed by section 14 of the Act of 1877, upon the action of the city, is a question not before us and on which we express no opinion.

It is, therefore, patent that the two sections being inconsistent, the one previous in time must be considered if not entirely repealed, at least modified to some extent by that last adopted. The possession and control of the shares and dividends should pass from the city to the Board of Liquidation, to be by it administered or disposed of as the law directs.

It is, therefore, ordered and decreed that the judgment appealed from be affirmed, with costs.