(58 South. 512.)

No. 18,840.

EDISON ELECTRIC CO. v. CITY OF NEW ORLEANS.

CITY OF NEW ORLEANS v. EDISON ELECTRIC CO.

(April 8, 1912.   Rehearing Denied May 6, 1912.)

*(Syllabus by the Court.)*

1. JUDGMENT (§ 411*)—EQUITABLE RELIEF—GROUNDS.

A judgment, based upon an act of compromise entered into between parties able to contract, will not be annulled on the petition of one of the parties where fraud, or an error in calculation, is not alleged and proved, or where the act is not in violation of a prohibitive law, or against good morals.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 776; Dec. Dig. § 411.*]

2. COMPROMISE AND SETTLEMENT (§ 19*) — VALIDITY—PERSONS ENTITLED TO QUESTION VALIDITY.

Where the act involves title to real estate, it cannot be attacked by one who has no interest in the property.

[Ed. Note.—For other cases, see Compromise and Settlement, Cent. Dig. §§ 67, 71–75; Dec. Dig. § 19.*]

3. COMPROMISE AND SETTLEMENT (§ 15*)—CONSTRUCTION.

Where the act refers also to a suit involving state and municipal taxes, and the parties agree that that suit must go to trial, and the city authorities further agree to abide by the decision of the trial court and to take no appeal therefrom, it cannot be successfully urged that the city authorities have agreed to relinquish the tax.

[Ed. Note.—For other cases, see Compromise and Settlement, Cent. Dig. §§ 51–53; Dec. Dig. § 15.*]

Appeal from Civil District Court, Parish of Orleans; Fred D. King, Judge.

Actions by the Edison Electric Company against the City of New Orleans, and vice versa, consolidated for trial.   Judgment for the Electric Company, and the city appeals. Reversed, and suit dismissed.

I. D. Moore, City Atty., and Andrew M. Buchmann, Asst. City Atty., for appellant. McCloskey & Benedict, for appellee.

SOMMERVILLE, J.   The Edison Electric Company, party in and to both the above-entitled suits, was in possession, as owner, of certain real estate located in Baronne street, between Poydras, Perdido and Penn streets, which the city of New Orleans claimed as public property, in the second of the above-entitled suits.   May 17, 1899, there was judgment in favor of the city of New Orleans, decreeing it be sent into possession of the property, but reserving to the Edison Electric Company the use and possession of the property until some $9,000 were paid by the city of New Orleans for improvements on the property.   September 26, 1901, by public act, the Edison Electric Company sold to the New Orleans & Carrollton Railroad, Light & Power Company, domiciled in this city—

"all and singular the property, real and personal and mixed, of every nature, kind and description owned, enjoyed or possessed by the said Edison Electric Company of New Orleans, and more particularly the following: * * * "(6) All claims which the said Edison Electric Company has against the city of New Orleans by virtue of an act passed on May 17, 1899, before J. J. Woulfe, notary in this city, under ordinance 15,292 C. S., and under and by virtue of a certain judgment rendered on May 17, 1899, by division C of the civil district court for the parish of Orleans in the suit entitled City of New Orleans v. Edison Electric Company, No. 58,568 of the docket of said court; the said New Orleans & Carrollton Railroad, Light & Power Company being hereby fully subrogated to all rights and actions, mortgages, privileges and right of retention to which the said Edison Electric Company is entitled under the said judgment."

The New Orleans & Carrollton Railroad, Light & Power Company is now plaintiff in this suit, alleging itself to be the owner of the property referred to, and it asks for the nullity of the judgment rendered May 17, 1899, decreeing the city of New Orleans to be the owner.

[2] The company has not even a paper title to the property.   The act of sale by the Edison Company to plaintiff, in 1901,

only transferred all claims "which that company had against the city by virtue of a public act and judgment between the parties, of date May 17, 1899"; which were that the Edison Company was to retain possession of the property involved until it had been paid by the city some $9,000 for improvements. It is therefore without interest in the ownership of the property.

But it alleges in its petition that it is the owner by purchase from the Edison Company, and that it is therefore entitled to have the judgment in favor of the city and against the Edison Company annulled and set aside, wherein the city is decreed to be the owner.

For cause of nullity, plaintiff alleges that the suit of the City of New Orleans v. Edison Electric Company, above referred to, was compromised, and that the judgment was consented to; but it does not allege error or fraud on the part of the plaintiff therein. The evidence in the record shows that the transaction or compromise was suggested by, and in a letter written for, the Edison Company by its president, of date May 2, 1899, addressed to the mayor and council of the city of New Orleans.

But it alleges that the compromise entered into embraced another suit, wherein the Edison Company was the plaintiff and the city was defendant, and that both parties thereto violated a constitutional provision forbidding the action therein taken, which had the effect of avoiding and setting aside the compromise in its entirety and annulling the judgment between the parties.

It says that in consideration of the Edison Company revendicating the property to the city of New Orleans and thus judicially re-establishing it as a locus publicus by a consent decree (the city agreeing to pay the company for the improvements), the city remitted, relinquished, and abandoned the taxes on the franchise of the company for the year 1894.

In so far as the judgment was a consent decree, in the suit involving the title to the property, we have not been cited any authorities against that position, and we know of none. Both parties were able and apparently willing to contract, and they agreed to settle their differences, in view of the decision of the court in favor of the city in a similar suit, where the city was plaintiff and Mr. Werlein was defendant. 50 La. Ann. 1251, 24 South. 232. See, also, Carrollton Railroad Co. v. Municipality No. 2, 19 La. 62.

Plaintiff alleges that the city remitted the taxes of 1894 on the franchise of the Edison Company, its vendor; that article 59 of the state Constitution forbids such remission; and that the judgment of court based on such remission is against public policy, and was therefore absolutely null and void.

In support of this allegation, we are referred to the act of compromise between the parties; but that act does not attempt to settle any difference between the parties as to the taxes of 1894. It appears that the State Board of Assessors had filed in December, 1899, supplemental rolls of assessments on the franchise of the Edison Company for the years 1894, 1895, 1896, and 1897. The company filed the suit, the judgment of which plaintiff now seeks to have annulled, wherein was set up many serious and difficult objections to the action of the board. None of these objections were urged on the trial except the one that the statute did not authorize a new or reassessment for more than three years, and that the assessment for 1894 was more than three years back. All of the objections were proposed to be withdrawn by the company, except one, as is evidenced by a letter addressed to the mayor and council by the president of

the Edison Company, in the course of which he says:

"Our company is desirous of terminating this litigation, and submits the following offer of compromise:

"First. The city shall take judgment against our company for the taxes in capital and interest assessed on our franchises, by supplemental rolls filed December 16, 1897, for the years 1895, 1896, and 1897."

He does not ask for or suggest the remission of the taxes of 1894; he knew that the city could not remit taxes. In his letter, he proceeds:

"Second. Our company and the city shall acquiesce in whatever judgment may be rendered by the civil district court, as to our liability for the assessment for the year 1894 on our franchises by supplemental rolls filed December 16, 1897; the company's position being that the said supplemental assessment was illegally made, the delay within which such supplemental assessment could legally be made having expired.

"Third. Our company will pay into the city treasury in capital and interest all the taxes due on assessments made on our franchises by supplemental rolls filed December 16, 1897, for the years 1895, 1896, and 1897."

The act of compromise was based upon this letter of the Edison Company and provided:

"First. That the city of New Orleans shall acquiesce in and shall take no appeal from whatever judgment may be rendered by the civil district court as to the liability of said company for assessments on franchises of said company for the year 1894, made by supplemental rolls filed December 16, 1897."

There was a trial, and judgment was rendered in favor of the city for taxes for 1895, 1896, and 1897, and reading in part:

"And the law and the evidence being in favor of the Edison Electric Company in so far as the assessments on the franchises of said company for the year 1894 * * * is concerned, there be judgment in favor of said company and against the city of New Orleans and C. Harrison Parker, State Tax Collector, declaring said assessments on said franchises of said company for the year 1894 * * * to be null, void and of no effect," etc.

This judgment has been executed by all the parties, as was stated by counsel for the city, and the statement was not questioned by plaintiff. The state and city have canceled the assessment for 1894, and the Edison Company has paid the taxes for 1895, 1896, and 1897.

It would further appear to have been fully executed by the act of sale and transfer by the Edison Company to plaintiff, for in that act the Edison Company had not transferred any rights in or to that judgment to this plaintiff. The judgment had been fully executed by the parties to the suit, and there was nothing thereunder to be transferred.

[1] In view of the evidence in this record, we shall not hold the judgments involved here to be nullities. The act of compromise did not even attempt to determine the validity of the taxes of 1894; it did not relinquish any tax; the act was not introduced or used on the trial of the cause; it had no part in the decision of the judge who heard the case; the judgment was based on "the law and the evidence"; and it is therefore binding on the parties thereto. In the act of compromise the city authorities agreed only to acquiesce in a judgment of the civil district court, and take no appeal therefrom. That court had full jurisdiction; its judgments are binding where not reversed by an appellate court, and they will be upheld unless some fraud has been practiced upon it or some rule or law of public policy has been violated, or other possible grave wrong has been wrought upon the community.

[3] Violence would have to be done to the language used first by the Edison Company in its letter to the mayor and council, then by the company and the city authorities in the act of compromise, and lastly that used by the court in its judgment, for us to decree that the city had relinquished the tax of 1894.

Aside from these views, the act of compromise and the judgments should not be

set aside for the reason that the parties cannot be placed in the same position that they occupied, one towards the other, in 1899—more than 10 years ago. The state is not before the court, although it has been condemned in the judgment appealed from. It could not, without an act of the Legislature, repay the taxes of 1895, 1896, and 1897, and it should not pay them to plaintiff, which did not pay the taxes, and which has not been subrogated to the rights of the Edison Company. The same conditions almost refer to the city also. The assessment of the Edison Company for 1894 has been canceled, and a supplemental roll and assessment cannot be made on its franchise, as it does not now exist, and as more than three years have elapsed. The franchise of the company cannot be seized for taxes because it has no existence. The state and city cannot seize the property of plaintiff for taxes on the franchise of a defunct corporation.

The judgment appealed from is reversed; and the suit of plaintiff the New Orleans & Carrollton Railroad, Light & Power Company, filed August 23, 1909, is dismissed, with costs.