**PURITAN CHEMICAL CO. v. VERNON PARISH POLICE JURY.**

No. 1786.

Court of Appeal of Louisiana. First Circuit.

Feb. 15, 1938.

Edwin M. Fraser, District Attorney, of Many, for appellant.

Woosley & Cavanaugh, of Leesville, for appellee.

LE BLANC, Judge.

This is a suit on what plaintiff alleges is an open account which has been acknowledged in writing. The account is made up of three separate invoices, one dated October 27, 1930, for goods alleged to have been sold to the Vernon Parish Police Jury, amounting to the sum of $20.70; another dated November 14, 1931, for goods amounting to the sum of $123; and the third, dated April 15, 1932, for goods

amounting to the sum of $194.05. The prayer is for judgment which must have been meant to be for an amount totaling the sum of the three invoices, that is, $337.75, but through mathematical error, no doubt, was asked for in the sum of $333.75 only.

Suit was filed on February 10, 1937, which was more than six years after the date of the first invoice and more than four years after the date of the last. In its petition, however, plaintiff, no doubt with the idea of negativing the three years' prescription which attaches to open accounts, alleged that during the year 1932, the defendant police jury, through its duly qualified treasurer, acting in pursuance of and by virtue of a resolution of that body, issued a written certificate, to the effect that the police jury itself had acknowledged that it was indebted in the amount demanded in the prayer for judgment. The certificate referred to is annexed to and made part of the petition, and is dated September 5, 1932.

The defendant nevertheless filed a plea of prescription maintaining that the prescription of three years applied. It then filed exceptions of no right and of no cause of action. The plea and the exceptions were all referred to the merits, after which defendant filed an answer in which it denied the indebtedness alleged, denied that any purchases as set out in plaintiff's petition had been made through any of its authorized agents, denied that any such had ever been approved and especially denied any written acknowledgment of the account and the authority of its treasurer to have issued any certificate such as that annexed to plaintiff's petition.

After the defendant filed its answer, plaintiff filed a plea of estoppel contesting defendant's right to deny the purchases and deliveries of the merchandise sold to it as the purchases and deliveries had been acknowledged in the minute records of its meetings, and also in its accounts and payment had been ordered to be made whenever the funds would be available.

On a trial of the case on the issues as thus made up, judgment was rendered overruling the exceptions of no right and no cause of action, and also the plaintiff's plea of estoppel. The plea of three years' prescription was sustained with regard to the last invoice, that is, the one dated April 15, 1932. With regard to the other two, the plea of prescription was overruled and judgment accordingly rendered in favor of the plaintiff and against the defendant in the sum of

$143.79. The 9 cents included in the amount seems to also have been an error as the amount of the two invoices is $143.70. The defendant appealed, and plaintiff has answered asking for an amendment of the judgment by increasing the amount to the sum originally prayed for.

No mention is made whatever in argument and brief before this court of the exceptions and the plea of estoppel, so we take it that they have been abandoned.

■ It is now conceded that the merchandise covered by the three invoices was sold and delivered by the plaintiff and the only issue left in the case is the plea of prescription, and on this issue, the legal effect of the certificate signed by the treasurer of the defendant police jury has to be determined as the first matter of importance, for, if it can be held to be a legal certificate of indebtedness containing an unconditional promise to pay, on which plaintiff's demand can rest, it is of the same category as a negotiable promissory note and is governed by the same prescription of five years as applies to negotiable instruments. See Porter v. Ville Platte, 158 La. 342, 104 So. 67.

■ Although the allegation is made in plaintiff's petition that the certificate was issued in pursuance to and by virtue of a resolution of the police jury, and although the certificate itself bears the statement that each of the three invoices has been approved by the claims committee of the Vernon Parish Police Jury, with instructions to pay the same, proof to that effect, with regard to all three of the invoices, is lacking. Defendant, as we have already seen, had specially denied the treasurer's authority to issue the certificate, and the burden was on plaintiff, who had alleged it, to make proper proof thereof. Having failed to carry that burden, the certificate can have no binding force against the parish police jury. "Police juries, like all other corporations created under the laws of Louisiana, are artificial beings or persons who can act only in the mode prescribed by the law creating them. No officer of a police jury can legally bind, or stand in judgment for the corporation without special authorization. Hoffpauir v. Wise, 38 La.Ann. 704; Police Jury v. Mayor and City Council, 38 La.Ann. 630, 631; Union Sulphur Co. v. Parish of Calcasieu, 153 La. 857, 858, 96 So. 787." The foregoing is an extract from the opinion in the case of Lane v. E. J. Deas & Co., Inc., 12 La.App. 382, 125 So. 514. Moreover, the certificate now under consideration

is not an unconditional promise to pay, as by its very terms plaintiff's claims and invoices are to be paid only "as soon as sufficient funds are available." In no event therefore could it be held that the five years' prescription, which governs actions on negotiable instruments under article 3540 of the Civil Code, is applicable in this case.

In addition to the certificate, however, plaintiff relies on what it contends is a written acknowledgment which had the effect of converting the open account into a stated account and placing it in the category of those debts which are prescribed by ten years under article 3544 of the Revised Civil Code. See White Bros. Co., Inc., v. Shinn, La.App., 160 So. 823. It becomes of importance to decide then what form of written acknowledgment plaintiff relies on, and if any exists.

A certified copy of extracts from the minutes of a meeting of the police jury held on November 3, 1930, shows that the following action was taken (quoting from the copy): "The Claims Committee made a report as follows: We your Claims Committee recommend payment of the following bills when funds are available—together with other claims, the claim of the Puritan Chemical Co. was so approved, viz: Puritan Chemical Co., $20.70." Practically to the same effect is a certified copy of extracts from the minutes of a meeting held on May 2, 1932, with respect to plaintiff's claim covered by the invoice of $123. Plaintiff, it seems, was unable to produce minutes of any meeting or any other of the proceedings of the police jury at which similar action had been taken with regard to the invoice in the sum of $194.05.

█ In the case of Sullivan v. St. Anna's Chapel, 168 La. 383, 122 So. 118, it was held that the acknowledgment of a debt, contained in the minute entries of a church vestry, constituted a written acknowledgment of the debt which served to interrupt prescription. That decision, we think, furnishes sufficient authority to hold that in this case, the entries appearing in the minutes of the police jury meetings referred to, had the same effect of written acknowledgments of the invoices mentioned in each, respectively, and under the decision in the case of White Bros. Co., Inc., v. Shinn, supra, the prescription of three years which originally applied to them as on open accounts, changed to one of ten years as on all personal actions not otherwise specifically provided for. Civ.Code art. 3544.

█ Coming now to the invoice for $194.05, we have already seen that there is nothing to indicate any action taken by the police jury, as a body, with regard to it. Counsel for plaintiff contends, however, that it was also acknowledged by the action of the treasurer in posting it in a special book of claims against the parish which he is required to keep under certain provisions of the Revised Statutes, § 2644. They contend, further, that it was again acknowledged in letters written to their client; one signed by the parish treasurer and the other by the president of the police jury. But here again counsel are met with the same obstacle which faced them with regard to the certificate issued by the treasurer; that is, lack of authority on the part of the body itself. In listing the claim as he did, the treasurer was acting merely in a clerical or ministerial capacity, and his action in this respect as well as his, and the president's, in writing the letters referred to, can have no legal binding effect on the police jury itself.

█ The discrepancy of 9 cents in the judgment rendered in the district court is too small a matter to require the attention of an appellate court. De minimis non curat lex.

Judgment affirmed.