CARTER, Judge:
This is a suit against the Parish of East Baton Rouge seeking payment under an 1867 bond issued by the Parish of East Baton Rouge pursuant to an ordinance of the Police Jury passed on September 29, 1866.
Plaintiff, Yvonne Aucoin, is the owner of Bond No. 176 in the amount of one hundred ($100.00) dollars. The bond was redeemable at the pleasure of the Police Jury of East Baton Rouge Parish from five to twenty years from date of issuance. The bond provided that interest be paid at the rate of six percent per annum, beginning on January 1, 1867. The sixteen coupons attached to the bond represented the interest payments due under the bond, from January 1, 1872 to January 1, 1887.
On July 11, 1979, plaintiff filed suit against the Parish of East Baton Rouge alleging that, despite demand, she has been unable to collect the amount due on the bond. The parish subsequently filed an exception of prescription, which was maintained by the trial court. From this adverse judgment, plaintiff appeals.
The prescription pleaded is founded on LSA-C.C. art. 3540,[1] which provides:
-“Actions on bills of exchange, notes payable to order or bearer, except bank notes, those on all effects negotiable or transferrable by indorsement or delivery, and those on all promissory notes, whether negotiable or otherwise, are prescribed by five years, reckoning from the day when the engagements were payable.”
The obligation sued on contains all the elements of a negotiable promissory note. It is an unconditional promise by the defendant parish to pay definite sums of money at fixed dates. Therefore, the applicable prescriptive period is five years. LSA-C.C. art. 3540, Porter v. Town of Ville Platte, 158 La. 342, 104 So. 67 (1925); Littlefield v. City of Shreveport, 148 La. 693, 87 So. 714 (1921).
The case of New Orleans v. Warner, 175 U.S. 120, 20 S.Ct. 44, 44 L.Ed. 96 (1899), cited on behalf of plaintiff, has no application to the case at bar.
In the case sub judice, the bond bears interest at the rate of 6% per annum from January 1, 1867 and the principal of the bond (i.e. $100) is payable in “from five to twenty years” from date of issuance (January 1, 1867). Although the Police Jury had the option to redeem the bond from five to twenty years after it was issued, this option clearly expired on January 1, 1887 and after this date, the bond became due and payable upon demand of holder. The prescriptive period provided by LSA-C.C. art. 3540 began to run, and plaintiffs *1053 right to sue on the bond prescribed five years later (January 1, 1982). Plaintiffs right to sue on the bond had clearly prescribed when she filed suit in 1979, some 87 years late.
For the above reasons, the judgment of the trial court dismissing plaintiff’s suit on an exception of prescription is affirmed. Costs are to be paid by plaintiff-appellant.
AFFIRMED.

. LSA-C.C. art. 3540 was repealed by Acts 1983, No. 173, effective January 1, 1984.